(992 P.2d 1256)
No. 82,046

In the Matter of the Estate of ROBERT C. DAHLSTROM, Deceased.

Opinion filed December 10, 1999.

*Mark A. Burghart*, of Alderson, Alderson, Weiler, Conklin, Burghart & Crow, L.L.C., of Topeka, for appellants Jerold Dahlstrom and Jennifer Banks.

*Gerald L. Goodell* and *Catherine M. Walberg*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for appellee Betty Kroeger.

Before RULON, P.J., TIMOTHY E. BRAZIL, District Judge, assigned, and GLENN D. SCHIFFNER, District Judge, assigned.

RULON, J.: Respondents Jennifer Banks and Jerold Dahlstrom, the heirs of the estate of Robert C. Dahlstrom (decedent), appeal the district court's order allowing petitioner, Betty A. Kroeger, decedent's former spouse, to file a motion for reinstatement of her maintenance after decedent's death. Respondents further appeal the granting of the motion for reinstatement of maintenance and the probate court's jurisdiction over the matter. We affirm.

Petitioner and Robert C. Dahlstrom were divorced on November 3, 1989, in Shawnee District Court. An amended decree of divorce stated, *inter alia*:

"1. Effective October 1, 1989, Respondent [decedent] shall pay . . . an allowance for future support of the Petitioner denominated as maintenance in the sum of One Thousand Two Hundred Fifty Dollars ($1,250) per month for seven (7) consecutive months, which shall be decreased to One Thousand One Hundred Dollars ($1,100) per month effective May 1, 1990, for one hundred fourteen (114) consecutive months, for a total of one hundred twenty-one (121) months, subject to prior termination or modification as set forth hereinafter.

. . . .

"2. Pursuant to K.S.A. 1988 Supp. 60-1610 and all amendments thereto, the Court reserves jurisdiction to consider extension of this maintenance order if the motion to reinstate is filed prior to the expiration of one hundred twenty-one months. Upon motion and hearing, the Court may reinstate the maintenance award in whole or in part, but no single period of reinstatement may exceed an additional one hundred twenty-one (121) months.

. . . .

"5. In the event of Respondent's death, the obligation for payment of maintenance shall not terminate and the Petitioner shall have a claim against the estate of Respondent for any unpaid maintenance payments and for future maintenance payments . . . ."

Decedent died on April 26, 1995. On July 3, 1995, petitioner filed a petition for allowance and classification of demand in which she asked the district court to order her maintenance payments to continue from decedent's estate and to restate her right to file for reinstatement of maintenance. The court ordered maintenance payments to continue as had been ordered at the time of the divorce but made no ruling on the reinstatement of maintenance issue.

Petitioner subsequently filed a petition to secure claim for future maintenance under K.S.A. 59-2240 and restated her right to file for reinstatement of maintenance for an additional 121-month period. After a hearing on the issue, the district court found that a petitioner who has been granted the right to petition for reinstatement of maintenance, when accompanied by an agreement that maintenance is enforceable after the payor's death, retains that right after the death of the former spouse. However, the court held the 120 months in which petitioner would have had to move for reinstatement of maintenance is shortened to the time allowed for claims against the estate or would be considered abandoned.

Eventually, the district court granted petitioner's timely motion for reinstatement of maintenance for an additional 121 months. The court considered the size of the estate and weighed that against the resources and the needs of the petitioner. The court further considered whether the maintenance allowance would enhance petitioner's lifestyle. Respondents appeal the district court's orders.

## JURISDICTION

Clearly, the district court reserved jurisdiction to hear a motion for reinstatement of maintenance in the amended divorce decree. Although such order was made in Division Seven (domestic), and the present issue was decided in Division Eight (probate), both divisions come under the jurisdiction of the district court. A district court may use the Probate Code, Chapter 59, to settle the accounts of an estate. See K.S.A. 59-103(a)(3); K.S.A. 1998 Supp. 59-2212. Further, it was necessary for judicial economy for petitioner to file her claim against the estate in the division of the district court that was handling the probate proceeding. See K.S.A. 59-2237.

## REINSTATEMENT OF SPOUSAL MAINTENANCE

The general rule is that periodic payments of maintenance to a divorced spouse terminate upon the former spouse's death *in the absence of a provision in the settlement agreement, or in the decree,* which expressly states otherwise or contains language which makes the intent unmistakably clear that such payments are to continue after the payor's death. *In re Estate of Sweeny,* 210 Kan. 216, 224-

25, 500 P.2d 56 (1972). Here, there is a provision in the divorce decree which makes it unmistakably clear that the maintenance payments ordered at the time of divorce are to continue after the former husband's death. The question is whether the right to move for reinstatement of maintenance continues after the former husband's death. This is a question of first impression in Kansas.

K.S.A. 60-1610(b)(2) states: "If the original court decree reserves the power of the court to hear subsequent motions for reinstatement of maintenance and such motion is filed *prior to the expiration of the stated period of time for maintenance payments*, the court shall have jurisdiction to hear a motion by the recipient of the maintenance to reinstate the maintenance payments." (Emphasis added.) Consequently, because this divorce decree "reserves the power of the court to hear subsequent motions for reinstatement of maintenance," and because the "stated period of time for maintenance payments" in this case explicitly continues after the payor's death, the recipient retains the right to file a motion to reinstate maintenance payments after the payor's death. See K.S.A. 60-1610(b)(2).

This right to file a motion to reinstate maintenance payments must be filed "prior to the expiration of the stated period of time for maintenance payments" or, in the case of a claim against an estate, within the time in which claims against the estate may be filed. Such procedure is necessary to comply with the provisions of the probate code. See K.S.A. 59-1302; K.S.A. 59-1501; K.S.A. 59-2236.

Upon movant's filing of a motion to reinstate maintenance, the district court must hold a hearing. K.S.A. 60-1610(b)(2). At the hearing, the court's determination of reinstatement of maintenance must be based on "a realistic evaluation of the parties' circumstances, future income, and needs." *In re Marriage of Sedbrook*, 16 Kan. App. 2d 668, Syl. ¶ 2, 827 P.2d 1222, *rev. denied* 251 Kan. 938 (1992).

The trial court has wide discretion regarding spousal maintenance, and a judgment awarding maintenance will not be disturbed absent a clear abuse of discretion. *In re Marriage of Hedrick*, 21 Kan. App. 2d 964, 967, 911 P.2d 192 (1996). Discretion is abused

only if no reasonable person would take the view adopted by the trial court. See *Reich v. Reich*, 235 Kan. 339, 343, 680 P.2d 545 (1984).

Here, the district court considered all relevant factors. The court looked at the size of the estate, petitioner's current resources and needs, petitioner's capacity to earn future income, petitioner's age and health, and whether reinstating maintenance would enhance petitioner's lifestyle. Petitioner was 72 years old, emotionally and physically unable to work, and just meeting her monthly expenses with the maintenance payments. Decedent's estate was sufficient to continue maintenance, and the maintenance would not enhance petitioner's lifestyle but merely enable her to maintain her same standard of living. Importantly, the court ordered that any remaining assets left at the time of petitioner's death should be distributed to decedent's heirs. As we understand, the district court ordered the estate to be closed and the executor discharged. The remaining obligation of the estate is to keep the account open which has already been established for petitioner's future maintenance.

Arguably, situations may arise with facts different from those here that may require the district court to deny a petitioner's motion for reinstatement of maintenance after the payor's death. But taking into account the facts and circumstances of the case at hand, the district court did not abuse its discretion in awarding petitioner maintenance for an additional 121 months.

Affirmed.